UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
FREDERIC LANDE,

                    Plaintiff,

      -against-

ONLINE INFORMATION SERVICES, INC.,

                    Defendant.
-----------------------------------------------------------X

**OPINION AND ORDER**
15-cv-5726 (SJF)(AKT)

**FEUERSTEIN, District Judge:**

Plaintiff Frederic Lande ("Plaintiff" or "Lande") commenced this action against Defendant Online Information Services, Inc. ("Defendant" or "Online"), seeking to recover for Defendant's alleged violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* *See* Docket Entry ("DE") [1]. Presently before the Court is Online's motion to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, or, in the alternative, for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. DE [14]. Plaintiff opposes Defendant's motion. DE [15]. For the reasons set forth herein, Online's motion is denied.

## I.    BACKGROUND

Unless otherwise noted, the following facts are drawn from the Complaint and are accepted as true for purposes of the instant motion.

### A.  Factual Background

This action arises out of Online's efforts to collect an alleged consumer debt from Plaintiff on behalf of an unidentified third party. Compl. ¶ 9. Plaintiff is a resident of New York, and is a "consumer" as defined by 15 U.S.C. § 1692a(3). *Id.* at ¶¶ 2, 4. Defendant is a North Carolina corporation "engaged in the business of debt collection," and is a "debt collector" as defined by 15 U.S.C. § 1692a(6). *Id.* at ¶¶ 3, 5.

In an effort to collect an alleged debt from Plaintiff, Online called Lande on September 22, 2015 and left the following pre-recorded message on Lande's answering machine:

> This is a message for Frederick Lande.  If we have reached the wrong number for this person, please call us back at 877-828-4037 to remove your phone number.  If you are not Frederick Lande, please hang up or disconnect.  If you are Frederick Lande, please continue to listen to this message.  There will now be a three second pause in this message.  [Three-second pause].  If you'd like to speak to a representative now, please press the nine key.  By continuing to listen to this message, you acknowledge you are Frederick Lande.  You should not listen to this message so that other people can hear it as it contains personal and private information.  There will now be a three second pause in this message to allow you to listen to this message in private.  [Three-second pause].  This is Online Information Services.  This communication is from a debt collector.  This is an attempt to collect a debt and any information obtained will be used for that purpose.  Please contact me about an important business matter at 800-873-9358.  When returning our call, please use reference number 4865633.

*See* Declaration of Thomas A. Leghorn in Support of Defendant's Motion to Dismiss ("Leghorn Decl."), DE [14-1], Ex. F.[1]  According to Plaintiff, the recorded greeting on his answering machine "explicitly states that the caller has reached a telephone which is in use by multiple individuals in the home."  Compl. ¶ 12.  Plaintiff alleges that his sister, non-party Roberta Sheldon, heard Defendant's message.  *Id.* at ¶ 13.

### B.  Procedural Background

By way of a Complaint dated September 29, 2015, Plaintiff commenced this action against Online, alleging a single cause of action for violation of the FDCPA.  DE [1].  According to Lande, Defendant violated 15 U.S.C. § 1692c(b) "by disclosing to a third party, the Plaintiff's sister, Roberta Sheldon, that Defendant was calling Plaintiff and was a debt collector."  Compl. ¶ 16.  Plaintiff seeks to recover statutory damages as well as and attorneys' fees and costs.  DE [1].

---

[1] Defendant submitted both an audio recording and a written transcription of the message it left on Plaintiff's answering machine.  *See* Leghorn Decl. Exs. E, F.  The Court has compared the audio recording to the written transcription and is satisfied that the written transcription appearing at Exhibit F of the Leghorn Declaration accurately reflects the contents of the message left on Lande's answering machine.

On March 16, 2016, Defendant filed the instant motion to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6), or, in the alternative, for summary judgment pursuant to Rule 56.  DE [14].  Online argues, *inter alia*, that the single message it left for Plaintiff did not violate the FDCPA because "Plaintiff provided his telephone number in connection with the debt, and Online took measures to prevent unintended recipients from overhearing its voicemail to Plaintiff."  *See* Memorandum of Law in Support of Defendant's Motion to Dismiss the Complaint ("Def.'s Mem."), DE [14-2], at 3.  According to Defendant, its warning "gave ample opportunity for Plaintiff to listen to the message privately" and "ensured that anyone other than the consumer knew he or she should not listen to the message . . . ."  *Id.* at 8.  In opposition, Plaintiff argues, *inter alia*, that although he "may have consented to be contacted by the original creditor," he did not consent to Defendant leaving "an explicit message detailing the fact that Plaintiff owes an outstanding debt which could be heard by third parties."  *See* Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss the Complaint ("Pl.'s Opp'n"), DE [15], at 3.

## II.    LEGAL STANDARD

### A.  Fed. R. Civ. P. 12(b)(6) Standard

In order to survive a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombley*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)). A claim is considered plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678, 129 S. Ct. at 1949.  In deciding a motion to dismiss, "a court must 'accept all allegations in the complaint as true and draw all inferences in the non-moving party's

3

favor.'" *U.S. ex rel. Siegel v. Roche Diagnostics Corp.*, 988 F. Supp. 2d 341, 343 (E.D.N.Y. 2013) (quoting *LaFaro v. New York Cardiothoracic Grp., PLLC*, 570 F.3d 471, 475 (2d Cir. 2009)).   In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court's consideration is limited to:

> (1) the factual allegations in the complaint, which are accepted as true; (2) documents attached to the complaint as an exhibit or incorporated . . . by reference; (3) matters of which judicial notice may be taken; and (4) documents upon whose terms and effect the complaint relies heavily, *i.e.*, documents that are "integral" to the complaint.

*Calcutti v. SBU, Inc.*, 273 F. Supp. 2d 488, 498 (S.D.N.Y. 2003) (internal citation omitted).   On a Rule 12(b)(6) motion to dismiss, if "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."  Fed. R. Civ. P. 12(d).

**B.  Fed. R. Civ. P. 56 Standard**

Pursuant to Fed. R. Civ. P. 56, a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The movant bears the burden of establishing that there are no material facts that preclude judgment as a matter of law.  *Huminski v. Corsones*, 396 F.3d 53, 69 (2d Cir. 2004).  In deciding a motion for summary judgment, the court "is not to weigh the evidence but is instead required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments." *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 122 (2d Cir. 2004); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986) (holding that a motion for summary judgment should be denied if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party").

4

Once the movant has met its initial burden, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . [T]he nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." *Matsuhita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S. Ct. 1348, 1356 (1986) (internal quotation omitted); *see also Maxton v. Underwriter Labs., Inc.*, 4 F. Supp. 3d 534, 542 (E.D.N.Y. 2014) ("An issue of fact is considered 'genuine' when a reasonable finder of fact could render a verdict in favor of the non-moving party."). In determining whether summary judgment is warranted, "the court's responsibility is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried, while resolving ambiguities and drawing reasonable inferences against the moving party." *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 11 (2d Cir. 1986).

## III.    DISCUSSION

Congress enacted the FDCPA "to protect consumers from deceptive or harassing actions taken by debt collectors." *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002); *see also* 15 U.S.C. § 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses."). Pursuant to 15 U.S.C. § 1692c, "without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, . . . a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer . . . ." 15 U.S.C. § 1692c(b); *see also Forman v. Acad. Collection Serv., Inc.*, 388 F. Supp. 2d 199, 203 (S.D.N.Y. 2005) ("Section 1692c(b) prohibits the collector from communicating with third parties regarding a debtor's

5

debt."). In contrast, "third-party communications are permitted for the limited purpose of determining a debtor's location but the content of these communications is strictly defined, and the debt collector cannot disclose that the debtor owes any debt." *Marisco v. NCO Fin. Sys., Inc.*, 946 F. Supp. 2d 287, 291 (E.D.N.Y. 2013). The FDCPA defines "communication" as "the conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. § 1692a(2).

Courts in the Second Circuit "generally consider . . . pre-recorded messages and voice mail messages from debt collectors [to be] 'communications,' even if the messages do not state what the calls are regarding." *Marisco*, 946 F. Supp. 2d at 291; *see also Foti v. NCO Fin. Sys., Inc.*, 424 F. Supp. 2d 643, 659-60 (S.D.N.Y. 2006) (holding that a pre-recorded message was "properly deemed a 'communication' under the FDCPA"). Therefore, a debt collector violates the FDCPA where a person other than the consumer hears a pre-recorded message or voicemail conveying information about the consumer's debt. *Nicaisse v. Stephens & Michaels Assocs., Inc.*, No. 14-CV-1570, 2015 WL 9462106, at *7 (E.D.N.Y. Dec. 28, 2015); *see also Marisco*, 946 F. Supp. 2d at 291 (holding that the plaintiff stated a claim arising under 15 U.S.C. § 1692c where a third party overheard a debt collector's voicemail concerning the plaintiff's debt). A debt collector need not intentionally communicate with a third party to be liable for a violation of the FDCPA. *See Bodur v. Palisades Collection, LLC*, 829 F. Supp. 2d 246, 253 (S.D.N.Y. 2011) ("Because the [FDCPA] imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages.") (quoting *Russell v. Equifax A.R.S.*, 74 F.3d 30, 33 (2d Cir. 1996)).

Lande's allegations are sufficient to state a claim against Online for violation of the FDCPA, and Online fails to establish that it is entitled to judgment as a matter of law. Online's message specifically identified Plaintiff by name, stated that the message was intended for

Plaintiff, and stated that Online was a debt collector attempting to collect a debt.  *See* Leghorn Decl. Ex. F.  This information, overheard by a third party, is sufficient to establish a violation of 15 U.S.C. § 1692c because "it expressly indicates that Defendant, a debt collector, is seeking to collect a debt from Plaintiff."  *Nicaisse*, 2015 WL 9462106, at *7; *see also Marisco*, 946 F. Supp. 2d at 295 (holding that the plaintiff stated a claim under the FDCPA where a third party overheard a voicemail in which the defendant "identified itself as a debt collection company and [stated] that it was attempting to collect a debt").

Relying upon *Collier v. Prof'l Bureau of Collections*, No. GLR-12-860, 2012 WL 3745720 (D. Md. Aug. 28, 2012), Defendant argues that "[a] growing number of courts have addressed the significance of voicemails that warn consumers to listen to the message in private and instruct third parties to stop listening before the content of the message is revealed."  Def.'s Mem. at 9. However, *Collier* is not binding upon this Court, and Online concedes that "this Court has noted that such warnings do not categorically absolve debt collectors . . . from liability . . . ."  *Id.* at 10. Therefore, Online's warnings that individuals other than Lande should hang up or disconnect are insufficient to establish that Defendant is entitled to judgment as a matter of law.  *See Nicaisse*, 2015 WL 9462106, at *7 ("The fact that the Message contained a disclaimer that it was a private message for Plaintiff that should not be listened to in the presence of others does not obviate Defendant's FDCPA liability."); *Friedman v. Sharinn & Lipshie, P.C.*, No. 12-CV-3452, 2013 WL 1873302, at *5 (E.D.N.Y. Mar. 28, 2013) (collecting cases holding that a warning instructing third parties to stop listening to a message does not protect a debt collector from liability under Section 1692c(b)).

Defendant further argues that the imposition of liability for its single message on Lande's answering machine is inconsistent with the FDCPA's intended purpose.  Def.'s Mem. at 4-7.

Relying upon *Zweigenhaft v. Receivables Performance Mgmt., LLC*, No. 14-CV-1074, 2014 WL 6085912 (E.D.N.Y. Nov. 13, 2014), Defendant claims that its voicemail "revealed a minimal amount of information regarding the debt." *Id.* at 7.  In *Zweigenhaft*, the court analyzed whether "a voicemail that [the plaintiff's] son overheard and a follow-up telephone conversation between the son and [the debt collector]" violated the FDCPA.  2014 WL 6085912, at *3.  The plaintiff's son "received the equivalent of a voicemail message that revealed that the caller was in the debt collection business and later identified the intended recipient of the message." *Id.*  In granting the defendant's motion for summary judgment, the court held that the debt collector "left [the plaintiff] one voicemail message, providing the minimum amount of information to remain compliant with the FDCPA and protect his privacy." *Id.* at *4.  Online's message to Lande provided more information than the message at issue in *Zweigenhaft*.  Unlike *Zweigenhaft*, where the debt collector "never mentioned [the plaintiff] owed a debt, [and] never disclosed information about any debt," *see id.*, Online specifically stated that its message was "for Frederick [*sic*] Lande," that Online is a debt collector, and that the message was "an attempt to collect a debt . . . ." *See* Leghorn Decl. Ex. F; *see also Nicaisse*, 2015 WL 9462106, at *5 ("[T]he phone message and follow-up call in *Zweigenhaft* revealed nothing more than that the defendant was a debt collector that was trying to reach the plaintiff.").  Courts in the Second Circuit have held that communications providing similar information violated the FDCPA.  *See, e.g.*, *Marisco*, 946 F. Supp. 2d at 291 (holding that a message violated the FDCPA where it expressly stated, "[t]his is an attempt to collect a debt"); *Friedman*, 2013 WL 1873302, at *5 (holding that a message stating that it "was an attempt to collect a debt" violated the FDCPA).  Because Online's message "expressly indicates that Defendant . . . is seeking to collect a debt from Plaintiff," it "constitutes a third-party communication in violation of Section 1692c(b)." *Nicaisse*, 2015 WL 9462106, at *7.

8

Finally, Defendant's argument that it was "reasonable for Plaintiff to expect that calls would be made . . . for collection efforts" because Lande gave his creditor his telephone number is unpersuasive.  Def.'s Mem. at 7.  Plaintiff does not claim that Online violated the FDCPA by contacting him by telephone, but rather, by "leaving a telephone message on a voice mail accessible to a third party using Plaintiff's name and stating that Defendant was a debt collector . . . ."  Compl. ¶ 17.  While Online was entitled to contact Plaintiff by telephone in an effort to collect Plaintiff's alleged debt, it was required to do so in a manner consistent with the FDCPA. *See Leyse v. Corp. Collection Servs., Inc.*, No. 03 Civ. 8491, 2006 WL 2708451, at *4 (S.D.N.Y. Sept. 18, 2006) ("[J]ust because a debt collector is permitted to continue to attempt to collect the debt does not entitle the collector to use *any* means, even if those means are the most economical or efficient.") (emphasis in original).  Therefore, that Plaintiff gave his telephone number to his original creditor is irrelevant to whether Online impermissibly communicated with a third party in violation of 15 U.S.C. § 1692c.

Based on the foregoing, Lande's allegations are sufficient to state a claim for violation of the FDCPA, and Online has failed to establish that it is entitled to judgment as a matter of law. Therefore, Defendant's motion to dismiss, or, in the alternative, for summary judgment, is denied.

## IV.    CONCLUSION

For the reasons set forth herein, Defendant's motion is denied in its entirety.


Dated: Central Islip, New York                    **SO ORDERED.**
       November 3, 2016

                                          *s/ Sandra J. Feuerstein*
                                          Sandra J. Feuerstein
                                          United States District Judge